**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL J. FERKLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RCN CORPORATION and NCO | : | NO. 11-2686 |
| FINANCIAL SYSTEMS, INC. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                              **September 13, 2011**

**I.      Introduction and Background**

On March 23, 2011, Plaintiff Michael J. Ferkler ("Plaintiff") filed a Complaint against Defendants, NCO Financial Systems, Inc. ("NCO") and RCN Corporations, Inc. ("RCN"), in the Magisterial District Court, County of Delaware, Commonwealth of Pennsylvania. Pl.'s Mot. to Remand at ¶ 1; Pl.'s Ex. A (ECF No. 4). Plaintiff's Complaint arises out of a contract for cable services provided to Plaintiff's home by RCN. Pl.'s Ex. A at 1. Plaintiff alleges that RCN "erroneously billed Plaintiff for incorrect charges" and, through Plaintiff's repeated efforts to contact RCN, Plaintiff finally resolved RCN's claim for $165.73 as "full and final payment on the account." Id. Plaintiff alleges that "[d]espite RCN's knowledge that the account was paid in full, RCN forwarded the account to two different collection agencies, one of which, NCO, "thereafter supplied to three (3) credit reporting agencies false or erroneous information regarding Plaintiff's RCN account[,]" resulting in damages to Plaintiff. Id.

NCO filed a Notice of Removal on April 21, 2011 (ECF No. 1), alleging federal question

jurisdiction, pursuant to 28 U.S.C. § 1331. NCO contends in its Notice that Plaintiff's allegation that NCO "supplied to three (3) credit reporting agencies false or erroneous information regarding Plaintiff's RCN account" is a claim asserted under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2. Notice of Removal at ¶ 3.

Plaintiff filed a Motion to Remand on May 20, 2011 (ECF No. 4). NCO responded on June 3, 2011 (ECF No. 8).

## II. Discussion

Plaintiff argues that his complaint makes no mention of any violation of a federal statute, his claims rely on Pennsylvania consumer protection laws only, and there is no basis for this Court to assert federal question jurisdiction. Mot. to Remand at ¶ 5. NCO responds that "[w]hen the FCRA and its proscriptions is [sic] examined alongside plaintiff's averment that NCO supplied false and erroneous information to three credit reporting agencies, it is irrefutable that plaintiff's action against NCO is one for an alleged violation of the FCRA." Def.'s Resp. Br. at 4. NCO contends further that it is "absolutely inescapable" that the FCRA applies to debt collectors such as NCO. Id.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. The party "who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Ramos v. Quien, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008) (Baylson, J.) (quoting Boyer, 913 F.2d at 111).

A defendant may only remove to federal court "state-court actions that originally could

have been filed in federal court." In re Cmty Bank of N. Va., 418 F.3d 277, 293 (3d Cir. 2005) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). The "well-pleaded complaint" rule dictates that "federal question jurisdiction only exists where an issue of federal law appears on the face of the complaint." DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 445 (3d Cir. 2003) (citing Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983)). A defendant may not remove "on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." Id. This is because the plaintiff is "master of the claim" and may determine what law to rely upon in bringing the claim. Caterpillar Inc. v. Williams, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, that plaintiff can prevent removal by ignoring the federal claim and alleging only the state law claims. See Wuerl v. International Life Science Church, 758 F. Supp. 1084, 1086 (W.D. Pa. 1991) (Lee, J.) (citing Hunter v. United Van Lines, 746 F.2d 635 (9th Cir. 1984)).

  The well-pleaded complaint rule is subject to the "'artful pleading doctrine,' under which 'a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim.'" North Penn Water Authority v. Bae Systems Aerospace Electronics, Inc., No. Civ. A. 04-5030, 2005 WL 1279091 at *7, 11 (E.D. Pa.) (E.D. Pa. May 25, 2005) (Baylson, J.) (concluding that plaintiff's state law claims brought in connection with the contamination of a well "constitute a controversy arising under" the federal Comprehensive Environmental Response, Compensation, and Liability Act, warranting removal) (quoting Thibodeau v. Comcast Corp., 2004 WL 2367828 at *3 (E.D. Pa. 2004)). The artful pleading doctrine allows for removal if "(1) federal law has completely

preempted the state law that serves as the basis for the plaintiff's complaint, or (2) a federal question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action." Id. The potential presence of a defense that raises a federal question is, however, "inadequate to confer federal question jurisdiction." Id. (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)).

Defendant contends that Plaintiff's action is "irrefutabl[y]" brought pursuant to the FCRA. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted). For example, 15 U.S.C. § 1681s-2(a)(1)(A) prohibits any person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." At least one district court has held that the statute applies to debt collectors such as NCO. Akalwadi v. Risk Mgmt Alternatives, Inc. 336 F. Supp. 2d 492, 508 (D. Md. 2004).

Plaintiff's well-pleaded Complaint makes no mention of a federal statute and, on its face, fails to assert a federal question. While NCO may be correct in assuming that the FCRA would apply to the facts alleged by Plaintiff, Plaintiff has clearly decided to base his claims on state law, and in state court. NCO's argument is based solely on the assumption that Plaintiff must be pursuing a federal claim. NCO has advanced no argument or cited any cases showing precedent for its position or that Congress intended the FCRA to completely preempt state law in

case such as this or that a federal question is somehow intrinsic and central to Plaintiff's claim.

NCO has not met its burden of establishing grounds for federal jurisdiction in this case.

An appropriate Order follows.


O:\CIVIL 11-12\11-2686 Ferkler v. RCN\Ferkler v RCN Memo Mot Remand.wpd